UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD D. SNYDER,

        Plaintiff,        CIVIL ACTION NO. 14-cv-12814

  v.

COMMISSIONER OF        MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14] AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [19]

Plaintiff Ronald D. Snyder seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 19). Plaintiff also filed a response to Defendant's Motion. (Docket no. 20.) With consent of the Parties, this case has been referred to the undersigned for final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docket no. 13.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and is now ready to rule.

### I.    PROCEDURAL HISTORY

Plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income on November 28, 2011, alleging disability beginning

December 1, 2008, due to problems being around people, anxiety, back pain, right knee problems, numbness in his left knee and leg, and problems with his right hand.  (TR 91, 106, 191-203, 265.)  The Social Security Administration denied Plaintiff's claims on March 27, 2012, and Plaintiff requested a *de novo* hearing.  (TR 91-122, 155.)  On February 28, 2013, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Kevin Detherage.  (TR 29-70.)  Plaintiff amended his alleged onset date to January 17, 2012 in a pre-hearing memorandum and at the hearing.  (TR 331-32, 33-34.)  In an April 25, 2013 decision, the ALJ found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy.  (TR 11-23.)  The Appeals Council declined to review the ALJ's decision (TR 1-5), and Plaintiff commenced this action for judicial review.  The parties then filed cross motions for summary judgment, which are currently before the Court.

## II.   HEARING TESTIMONY AND MEDICAL EVIDENCE

In his brief, Plaintiff sets forth the procedural history of this matter as well as a summary of the medical record and his hearing testimony.  (Docket no. 14 at 5-9.)  The ALJ set out a detailed, factual recitation of Plaintiff's hearing testimony, Plaintiff's medical record, and the vocational expert's (VE's) testimony in his decision.  (TR 14-15, 16-21, 22-23.)  Defendant adopts the ALJ's recitation of the medical facts.  (Docket no. 19 at 4.)  There are no material inconsistencies between Plaintiff's and the ALJ's accounts of the record; therefore, the undersigned will incorporate these factual recitations by reference.  Additionally, the undersigned has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

**III.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the original alleged onset date of December 1, 2008, and that Plaintiff suffered from the following severe impairments: degenerative disc disease, right knee pain, back pain, and depression. (TR 13.) The ALJ also found, however, that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 13-15.) The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to unskilled work. The claimant should avoid exposure to dusts, fumes, gases, and poorly ventilated areas.

(TR 15-21.) Subsequently, in reliance on the VE's testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 22-23.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from December 1, 2008, through the date of the decision. (TR 23.)

**IV.    LAW AND ANALYSIS**

    **A.    Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try

cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be

4

deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and remanded for an award of benefits under sentence four because (1) Plaintiff "has an additional severe mental impairment of post traumatic stress disorder (PTSD);" (2) "[t]he RFC of unskilled work fails to accurately portray

5

[Plaintiff's] mental limitations;" and (3) "[t]he decision treating source analysis is both factually and legally incorrect." (Docket no. 14 at 10-18.)

First, the Court will address Plaintiff's claims of error with regard to the ALJ's assessment of Dr. Harold B. Lenhart, M.D.'s opinion. Dr. Lenhart is a psychiatrist at Crossroads Center for Recovery who met with and examined Plaintiff in January, March, May, July, and October of 2012. (TR 409-11, 433-34, 439.) Dr. Lenhart also completed a Mental Impairment Questionnaire regarding Plaintiff and a Mental Residual Functional Capacity Assessment of Plaintiff on December 18, 2012. (TR 435-38.) In his decision, the ALJ summarized Dr. Lenhart's treatment notes (TR 19), and discussed Dr. Lenhart's opinion as follows:

> In December 2012, Dr. Lenhart submitted a medical source statement. He opined the claimant has a "marked" ability to deal with ordinary work[] [s]tress, would be off-task three or more hours during a normal eight-hour workday, and would be absent more than three times per a month [sic] due to his impairments or treatment (13F/2). He opined the claimant has a marked limitation in his ability to maintain attention and concentrate for extended periods, perform activities within a schedule, and complete a normal workday or workweek without interruptions from psychologically based symptoms (13F/3). Dr. Lenhart opined the claimant would have marked limitations in his ability to accept instructions (13F/3). I accord little weight to the opinion of Dr. Lenhart due to his infrequent contact with the claimant, his opinion is not consistent with the rest of the record (as Dr. Lazzara indicates the claimant has less of an impairment) and Dr. Lenhart is not the claimant's treating physician. I find that the opinion of Dr. Lenhart is not well supported by medically acceptable clinical and laboratory diagnostic technique, is not consistent with other substantial evidence, and is therefore not entitled to controlling weight in this matter (SSR 96-2p).

(TR 20.)

Plaintiff argues that the ALJ's reasons for discounting Dr. Lenhart's opinion are either factually incorrect and/or are insufficient to satisfy the procedural requirements of the treating physician rule. (Docket no. 14 at 14-17.) It is well settled that the opinions of treating physicians are generally accorded substantial deference. In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic

6

evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of several factors: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Norris v. Comm'r of Soc. Sec.*, No. 11-CV-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)). But the Commissioner does require ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)). The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician's opinion and provide good reasons for that weight. *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

Here, Plaintiff argues, among other things, that Dr. Lenhart was Plaintiff's treating psychiatrist and that the ALJ erred by discounting Dr. Lenhart's opinion on the basis that Dr.

7

Lenhart was not a treating source. (Docket no. 14 at 15.) Defendant concedes that Dr. Lenhart was Plaintiff's treating psychiatrist and admits that it is not entirely clear why the ALJ made a contrary finding in his decision. (Docket no. 19 at 14.) Defendant speculates that the ALJ's statement "may have been an inartfully worded way of indicating that Dr. Lenhart was not Plaintiff's current treating doctor," as Plaintiff had testified that Dr. Lenhart was being replaced at Crossroads Center by a "Dr. Larry." (*Id*. at 14-15 (citing TR 46-47).) Defendant asserts that this speculative argument is consistent with the ALJ's reference to Social Security Ruling (SSR) 96-2p, "Giving Controlling Weight to Treating Source Medical Opinions," in his discussion of Dr. Lenhart's opinion, because such a reference would not make sense if the ALJ truly believed that Dr. Lenhart was not a treating source. (*Id*. at 15.) Nevertheless, it is the ALJ's rationale that is on review, not Defendant's; thus, Defendant's post-hoc rationalization is inapposite. *See Christephore v. Comm'r of Soc. Sec.*, No. 11-13547, 2012 WL 2274328, at *6 (E.D. Mich. June 18, 2012) (Roberts, J.) ("[I]t is not the Court's job to conduct a *de novo* review of the evidence or to rubber stamp the ALJ's decision. The Court must ensure both that the ALJ applied the correct legal standard and that his decision is supported by substantial evidence. Moreover, it is the ALJ's rationale that is under review, not defense counsel's."). In light of the ALJ's unambiguous statement that Dr. Lenhart was not Plaintiff's treating physician, the undersigned finds that the ALJ did not properly consider Dr. Lenhart's opinion under the treating physician rule and that remand is warranted on this basis.

Defendant argues that any error committed by the ALJ in discounting Dr. Lenhart's opinion on the basis that he was not Plaintiff's treating physician is harmless in light of the other reasons he provided for discounting it. (Docket no. 19 at 15.) An ALJ's failure to provide good reasons may constitute harmless error (1) if "a treating source's opinion is so patently deficient

8

that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [§ 1527(c)(2)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson*, 378 F.3d at 547). Essentially, Defendant's argument is premised on the third example of harmless error listed above – that the ALJ met the goal of § 1527(c)(2) even though he did not fully comply with its terms. In this circumstance, "the procedural protections at the heart of the rule may be met when the 'supportability' of a doctor's opinion, or its consistency with other evidence in the record, is *indirectly* attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (citations omitted).

Other than reasoning that Dr. Lenhart was not Plaintiff's treating physician, the ALJ discounted Dr. Lenhart's opinion on the basis that Dr. Lenhart had infrequent contact with Plaintiff.[1] (TR 20.) The ALJ also found that the opinion of Dr. Lenhart was not "well supported by medically acceptable clinical and laboratory diagnostic technique" and was "not consistent with other substantial evidence." (TR 20.) Such a general statement is insufficient to support the ALJ's decision, as it is not sufficiently specific to explain the reasoning behind the decision.

The only explanation that the ALJ provides to support his reasoning that Dr. Lenhart's opinion was inconsistent with the record evidence is in a parenthetical, which states, "Dr. Lazzara indicates the claimant has less of an impairment." (TR 20.) Plaintiff argues that comparing Dr. Lenhart's opinion to Dr. Lazzara's opinion is like comparing apples to oranges

---

[1] Plaintiff and Defendant dispute whether the ALJ's characterization of Plaintiff's five visits with Dr. Lenhart over a ten-month period as infrequent was reasonable. (Docket no. 14 at 14; docket no. 19 at 16.) For the reasons discussed below, the Court declines to examine this issue.

9

because Dr. Lenhart is a psychiatrist and Dr. Lazzara is a physician that specializes in internal medicine. (Docket no. 14 at 15.) Plaintiff's argument is persuasive. Dr. R. Scott Lazzara, M.D. was retained to perform a consultative physical examination of Plaintiff with regard to his alleged disability on two separate occasions, in April 2011 and in March 2012. (TR 346-51, 416-23.) Defendant points out that Dr. Lazzara did briefly evaluate Plaintiff's "appearance/mental status" in the course of conducting the physical exams (docket no. 19 at 15); however, Dr. Lazzara was not charged with the task of performing, and his medical specialization seemingly does not qualify him to complete, a psychiatric or psychological examination of Plaintiff as did Dr. Lenhart. Furthermore, Dr. Lazzara did not offer an opinion regarding Plaintiff's mental functional limitations. Accordingly, Dr. Lenhart's opinion regarding Plaintiff's mental limitations and Dr. Lazzara's opinion regarding Plaintiff's physical limitations are simply incomparable, and the ALJ's reason for discounting Dr. Lenhart's opinion on the basis that it is inconsistent with Dr. Lazzara's opinion is not a good reason.

Lastly, Defendant argues that a further review of the ALJ's decision, particularly of the ALJ's synopses of Dr. Michael Brady, Ph.D.'s May 2011 consultative examination (TR 18) and Dr. Lenhart's treatment notes (TR 19), makes evident the ALJ's reasoning for according little weight to Dr. Lenhart's opinion. (Docket no. 19 at 17-19.) The Court disagrees; the portions of the ALJ's decision to which Defendant cites are merely factual summaries of the record evidence, and they offer no insight into the ALJ's reasoning for discounting Dr. Lenhart's opinion. Contrary to Defendant's assertions, the ALJ did not provide good reasons for according little weight to Dr. Lenhart's opinion. The ALJ's failure to evaluate Dr. Lenhart's opinion as that of a treating physician, even in light of the reasons the ALJ provided for discounting it, is

10

not harmless error. Therefore, the Court will remand this matter for proper consideration and discussion of Dr. Lenhart's opinion in accordance with the treating physician rule.

Plaintiff argues that the case should be remanded for an award of benefits. (Docket no. 14 at 17-18.) Defendant asserts that in the case that Plaintiff prevails, the proper remedy is to remand the case for further proceedings. (Docket no. 19 at 19-22.) "[W]hen there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 175-76 (6th Cir. 1994). It is appropriate to remand for an award of benefits only when "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher*, 17 F.3d at 176; *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994). This entitlement is established if "the decision is clearly erroneous, proof of di[s]ability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

All "essential factual issues" have not been resolved in this case; therefore, a remand to award benefits would be inappropriate. The ALJ must weigh Dr. Lenhart's opinions regarding Plaintiff's functional limitations in accordance with the treating physician rule and against the other medical evidence in the record. After such an analysis, the ALJ may still find that Dr. Lenhart's opinion is not entitled to controlling weight. Even if Dr. Lenhart's opinion is adopted on remand, the ALJ must still determine whether Plaintiff is capable of performing a substantial number of jobs in the national economy under a newly developed RFC. Moreover, this is not a case where the proof of disability is overwhelmingly strong. As such, the appropriate procedure upon remand is for the Commissioner to conduct further proceedings consistent with this Order.

Plaintiff's other claims of error set forth in his Motion relate to whether his PTSD, as diagnosed by Dr. Lenhart, depression, and limitations in concentration, persistence, or pace were properly accounted for in the ALJ's assessment of Plaintiff's mental RFC.  Because Plaintiff's mental RFC assessment will potentially change upon remand after proper consideration of Dr. Lenhart's opinion under the treating physician rule, the Court need not address Plaintiff's other claims of error in this Order.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [14] is **GRANTED IN PART** and **DENIED IN PART**, and Defendant's Motion for Summary Judgment [19] is **DENIED**.  On remand, the ALJ will address and consider Dr. Lenhart's treatment notes and opinion in accordance with the treating physician rule.

Dated: September 14, 2015        s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon counsel of record on this date.

Dated: September 14, 2015        s/ Lisa C. Bartlett
                                 Case Manager

12